# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES E. ROSS, # 237198**

    **Plaintiff,**

vs.                                                                    Case No. 4:14cv557-WS/CAS

**CORIZON HEALTH SERVICES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk. In an Order filed October 24, 2014, Plaintiff was directed to either (1) file a motion for leave to file in forma pauperis, or (2) pay the filing fee, or (3) file a notice of voluntary dismissal of this action by November 25, 2014. Plaintiff was specifically warned that a recommendation would be made that this case would be dismissed if he did not comply with that order. Doc. 3. On October 31, 2014, Plaintiff filed a motion for leave to proceed in forma pauperis, however, he failed to submit his inmate bank statement with the motion. Doc. 5. On November 3, 2014, the Court entered an order giving the Plaintiff until December 3, 2014, to supplement his IFP motion with his inmate bank statement. Doc. 6. On November 10, 2014, Plaintiff's copy of that order was returned to the clerk undelivered.

Doc. 7.  A check with Leon County Jail revealed that the Plaintiff was released from custody.  To date, Plaintiff has not provided the Court with a new address.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).  Also, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  <u>Moon v. Newsome</u>, 863 F.2d 835, 838 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989), and cases cited; <u>Phipps v. Blakeney</u>, 8 F.3d 788, 790 (11th Cir. 1993).  Plaintiff did not comply with a court order or prosecute this case.  This action should now be dismissed.

Plaintiff shall have a 14 day period after service of this Report and Recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for his failure to respond.  Alternatively, Plaintiff may also file a "motion for reconsideration" which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2014.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv556-MW/CAS